UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Haining Zhang

China Venture Partners, Inc.

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess,
Allen R. Goldstone
Creative Business Strategies, Inc.
China Precision Steel, Inc.
Belmont Capital Group Limited
Henny Wee & Co, Soon Chiang Henny Wee
Kam Kau Eddie Wong, Edwon, Inc.
Hung Wan, Advanz Capital Inc.

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**JUDGE CARTER**

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No
(check one)

12 CV 1793

RECEIVED
MAR 09 2012
U.S.D.C. S.D.N.Y.
CASHIERS

RECEIVED
MAR 09 2012
PRO SE OFFICE

## I.     Parties in this complaint:

A.     List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name    Haining Zhang

Street Address   80 Wall Street, Suite 212

County, City   Manhattan, New York

State & Zip Code   NY 10005

Telephone Number   646-383-0883

B.     List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name    Gary H. Schlatter

Street Address   18685 E. Plaza Drive

*Rev. 05/2010*

County, City     Douglas, Parker

State & Zip Code     CO 80134

Telephone Number     303-783-9499

**Defendant No. 2**

Name     Oralabs, Inc.

Street Address     18685 E. Plaza Drive

County, City     Douglas, Parker

State & Zip Code     CO 80134

Telephone Number     303-783-9499

**Defendant No. 3**

Name     Robert C. Gust

Street Address     7N 551 Cloverfield Circle

County, City     Kane County, St Charles

State & Zip Code     IL 60175

Telephone Number     630-377-7688

**Defendant No. 4**

Name     Michael I. Friess

Street Address     5353 Manhattan Cir., Suite 101

County, City     Boulder, Boulder

State & Zip Code     CO80303

Telephone Number     303-829-7222

**Defendant No.5**

Name:     Allen R. Goldstone

Street Address:     5353 Manhattan Cir., Suite 101

County, City:     Boulder, Boulder

State & Zip Code:     CO 80303

Telephone Number:     303-829-7222

**Defendant No.6**

Name:     Creative Business Strategies, Inc

Street Address:     5353 Manhattan Cir., Suite 101

County, City:     Boulder, Boulder

State & Zip Code:     CO 80303

Telephone Number:     303-829-7222

**Defendant No.7**

Name:     China Precision Steel, Inc.

Street Address:     C/O, Corporation Service Company

    2711 Centerville Road, Suite 400

County, City:     New Castle, Wilmington

State & Zip Code:     DE 19808

Telephone Number:     302-636-5401

Defendant No.8

Name: Belmont Capital Group Limited
Street Address: C/O, Hung Wan, Flat G, 40/F. Ko Fung Ct
Harbour Heights, 5 Fook Yum Road
County, City: North Point
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-6262

Defendant No. 9

Name: Henny Wee & Co
Street Address: Suites A-C, 20/F, Neich Tower
128 Gloucester Rd
County, City: Wanchai
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-7833

Defendant No. 10

Name: Soon Chiang Henny Wee
Street Address: Suites A-C, 20/F. Neich Tower
128 Gloucester Rd
County, City: Wanchai
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-7833

Defendant No. 11

Name: Kam Kau Eddie Wong
Street Address: Suites A-C, 20/F, Neich Tower
128 Gloucester Rd
County, City: Wanchai
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-6262

Defendant No. 12

Name: Edwon, Inc.
Street Address: Suites A-C, 20/F, Neich Tower
128 Gloucester Rd
County, City: Wanchai .
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-6262

Defendant No. 13

Name: Hung Wan
Street Address: Flat G, 40/F. Ko Fung Ct
Harbour Heights, 5 Fook Yum Road
County, City: North Point
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-6262

Defendant No. 14

Name: Advanz Capital, Inc.
Street Address: C/O, Hung Wan, Flat G, 40/F. Ko Fung Ct
Harbour Heights, 5 Fook Yum Road
County, City: North Point
State & Zip Code: Hong Kong
Telephone Number: 011-852-2517-6262

II.      **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.       What is the basis for federal court jurisdiction?   *(check all that apply)*

**QX** Federal Questions                    **QX** Diversity of Citizenship

B.       If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right

is at issue? This Court has jurisdiction pursuant to 28 U.S.C.§1331, there being a Federal Question arising

under the RICO Act 18 U.S.C. §1961 et seq. _____

_____

_____

C.       If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship     New York

Defendant(s) state(s) of citizenship   Colorado, Illinois, Delaware, Hong Kong

*Rev. 05/2010*

4

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? New York, New York

B.      What date and approximate time did the events giving rise to your claim(s) occur? December 27, 2006

C.      Facts:

| | |
|---|---|
| What happened to you? | 1.   Plaintiff Haining Zhang was at all times relevant to this complaint a resident of the State of New York. |
| Who did what? | 2.   Defendant Gary H. Schlatter was at all times relevant to this complaint duly appointed and acting on behalf of Oralabs Holding Corp and Oralabs, Inc. in his official and personal capacity. |
| W as anyone else involved? | 3.   Defendant Oralabs, Inc. was at all times relevant to this complaint a Colorado registered entity. |
| Who else saw what happened? | 4.   Defendant Robert C. Gust was at all time relevant to this complaint a resident of Illinois and a board member of Oralabs Holding Corp, the predecessor of China Precision Steel, Inc. |

5.   Defendant Michael I. Friess was at all time relevant to this complaint a resident of Colorado and a board member of Oralabs Holding Corp, the predecessor of China Precision Steel, Inc., and a principal of Creative Business Strategies, Inc.

6.   Defendant Allen R. Goldstone was at all time relevant to this complaint a resident of Colorado and a board member of Oralabs Holding Corp., the predecessor of China Precision Steel, Inc., and a principal of Creative Business Strategies, Inc.

7.  Defendant China Precision Steel Inc. was at all times relevant to this complaint a Delaware registered entity, a survivor of Oralabs Holding Corp.

8.  Defendant Belmont Capital Group Limited was at all time relevant to this complaint a foreign entity of Hong Kong, conducting business in the United States, specifically New York .

9.  Defendant Henny Wee & Co. was at all time relevant to this complaint a foreign entity conducting business in the United States specifically New York.

10. Defendant Advanz Capital, Inc. was at all time relevant to this complaint a foreign entity conducting business in the United States specifically New York.

11. Defendant Edwon, Inc. was at all time relevant to this complaint a foreign entity of conducting business in the United States specifically New York.

12. Defendant Hung Wan was at all time relevant to this complaint a resident of Hong Kong.

13. Defendant Soon Chiang Henny Wee was at all time relevant to this complaint a resident of Hong Kong.

14. Defendant Kam Kau Eddie Wong was at all time relevant to this complaint a resident of Hong Kong.

15. Creative Business Strategies, Inc. was at all time relavant to this complaint a registered entity in Colorado.

16. China Precision Steel, Inc. was at all time relavant to this complaint a registered entity in Delaware.

17. Upon information and belief, during the periods relevant herein, Defendant Soon Chiang Henny Wee was the principal of Henny Wee & Co.

18. In or about August of 2001, Defendant Soon Chiang Henny Wee formed Defendant entity Belmont Capital Group Limited.

19. Upon information and belief, during the periods relevant herein, Defendants Kam Kau Eddie Wong and Hung Wan were the directors of Defendant Belmont Capital Group Limited.

20. Upon information and belief, during the periods relevant herein, Defendants Belmont Capital Group Limited and Henny Wee & Co formed a partnership in which as a team both provided investment banking services to companies based in Asia, specifically China based companies seeking to go public in the United States equity markets via a reverse merger.

21. Upon information and belief, during the periods relevant herein, Defendant Yung Wan was a pricinpal of Advanz Capital, Inc. and Defendant  Kam Kau Eddie Wong was a principal of Edwon, Inc.

22. Upon information and belief, during the periods relevant herein, Defendants Yung Wan, Soon Chiang Henny Wee and Kam Kau Eddie Wong through their partnership solicited and offered the opportunity of going public in United States equity markets to various China based companies.

23. Upon information and belief, Plaintiff Haining Zhang and Defendant Gary H. Schlatter met in about 1995 at a trade show at the Jacobs Javits Center in New York City. Since then, and up until 2006, the parties had discussed business on countless occasions.

24. In or about 2003, Defendant Allen R. Goldstone for and on behalf of Defendant Oralabs Holding Corp. And Creative Busienss Strategies, Inc., placed an advertisement on the Wall Street Journal seeking a company or entity willing to merge with Oralabs Holding Corp. Plaintiff Haining Zhang responded to the advertisement.

25. In or about 2003, Defendant Gary H. Schlatter secured Plaintiff Haining Zhang's professional services in exploring foreign opportunities and potential candidates for a possible reverse merger with Oralabs Holding Corp. due to his frustration with the cost associated with maintaining Oralabs Holding Corp as a publicly traded company.

26. In or about 2003, Defendants Allen R. Goldstone, Michael I. Friess, Gary H. Schlatter and Robert C. Gust were all board members of Oralabs Holding Corp. during the applicable periods mentioned herein.

27. In or about October 30, 2003, Defendant Allen R. Goldstone executed a Non Disclosure & Non Circumvention Agreement with Plaintiff Haining Zhang on behalf of Oralabs Holding Corp and Creative Busienss Strategies, Inc., for the sole purpose of securing a foreign entity willing to merge with Oralabs Holding Corp. The agreement had a term of three years, thus expiring on or about October 30, 2006.

28. In or about 2003 and continuing through 2004, Plaintiff Haining Zhang presented Defendants Gary H. Schlatter, Michael Friess, Robert C Gust, Allen R. Goldstone, Creative Business Strategies Inc. and Oralabs Holding Corp. with numerous proposals for the purpose of securing a corporate reorganization and/or reverse merger, with companies located in China and elsewhere which were interested in merging with Oralabs Holding Corp.

29. In or about 2004, Defendant Hung Wan, on behalf of Defendant Belmont Capital Group Limited, entered into a cooperation agreement with Plaintiff Haining Zhang and China Venture Partners Inc. The agreement provided in pertinent part that Plaintiff retained its rights of first refusal on all transactions regarding a public offering or reverse merger for any Asia based company sourced by Defendants Belmont Capital Group Limited and Hung Wan and their associates. Additionally, the agreement provided that there shall be no circumvention between the parties. The term of the agreement was perpetual.

30. In or about July of 2004, Defendant Hung Wan presented Plaintiff Haining Zhang with numerous China-based companies that were seeking to go public or engage in a reverse merger with publicly traded companies in the United States.

31. In or about August of 2004, Defendant Hung Wan and Plaintiff began discussions pertaining to NVC Lighting Investments Holding Limited for the purpose of securing a reverse merger or public offering in the United States.

32. In or about October of 2004, Plaintiff Haining Zhang prepared a financial summary which provided the description of NVC and presented it to Oralabs Holding Corp.

33. In or about October 27, 2004, Plaintiff Haining Zhang presented Oralabs Holding Corp. and its board of directors with a formal merger proposal between Oralabs Holding Corp. and NVC Lighting Investments Holding Limited. The proposal provided that the surviving entity would allot an equity ratio of 94:6 between NVC and Oralabs' non-affiliated shareholders, with a scalable bonus to issue once certain conditions were met.

34. In or about November of 2004, NVC Lighting Investments Holding Limited executed a consultant agreement with Plaintiff and Defendant Belmont Capital Group

Limited for the purpose of securing a reverse merger with a United States entity, as a direct result of Plaintiff Haining Zhang's efforts.

35. In or about November of 2004, Defendants Hung Wan and Henny Wee arrived in New York where they met with Plaintiff Haining Zhang. During their stay they discussed with Plaintiff Haining Zhang their intentions regarding soliciting Asia based companies for the purpose offering them public offering or reverse merger opportunities in the United States. Plaintiff Haining Zhang through his professional resources arranged Defendants Hung Wan and Henny Wee to meet with numerous investment bankers, institutional investors and PR/IR firms during their stay in New York.

36. In or about December 1st of 2004, Defendant Hung Wan and Plaintiff Haining Zhang executed a cooperation agreement specifically for the purpose of securing a reverse merger between Oralabs Holding Corp. and NVC Lighting Investments Holding Limited. The agreement provided in pertinent part that Defendant Hung Wan and Plaintiff Haining Zhang would share at a ratio of 2:1 in any compensation derived from the reverse merger between Oralabs Holding Corp. and NVC Lighting Investments Holding Limited. The agreement further provided that Plaintiff Haining Zhang and Defendant Hung Wan together would receive 7% percent in equity from the surviving entity. The ratio of allocation was changed to 61.5% to 38.5% in an email from Defendant Hung Wan days later.

37. In or about December 27, 2004, a Letter of Intent was executed between Oralabs Holding Corp and NVC Lighting Investments Holding Limited, Defendant Hung Wan and Plaintiff Haining Zhang collectively indicating the intent of the parties as it related to the reverse merger between NVC Lighting Investments Holding Limited and Oralabs Holding Corp. and conclusively acknowledging the extent and significance of the agreement entered into between Oralabs Holding Corp. and Plaintiff Haining Zhang.

38. Upon information and belief, in or about February 18, 2005, Oralabs Holding Corp. and NVC Lighting Investments Holding Limited entered into a Stock Exchange Agreement.

39. Upon information and belief, in or about April 9, 2005, Murrell, Hall, McIntosh & Co., PLLP signed NVC Lighting Investments Holding Limited's financial statements for 2003 and 2004. Capitalink, P.C. rendered a fairness opinion for the transaction and Douglas B. Koff of Koff, Corn & Berger, P.C. was counsel for Oralabs Holding Corp. Stephen A. Zrenda, Jr. of Oklahoma City, represented NVC Lighting Investments Holding Limited.

40. Upon information and belief, in or about June 20, 2005, the Stock Exchange Agreement between Oralabs Holding Corp. and NVC Lighting Investments Holding Limited was amended to include Plaintiff Zhang's compensation.

41. In or about August 12, 2005, Oralabs Holding Corp. listed Plaintiff Haining Zhang as a designee to receive shares in the surviving entity in its Preliminary Proxy Statement which was duly filed with the Securities and Exchange Commission of the United States, evidencing the extent and validity of the agreement entered into between Plaintiff Haining Zhang, Oralabs Holding Corp. and Defendant Gary H. Schlatter.

42. In or about November 15, 2005, NVC Lighting Investments Holding Limited and its executives, as well as Defendants Soon Chiang Henny Wee and Hung Wan, arrived in New York to meet with Plaintiff Haining Zhang at his offices located at 80 Wall Street New York, N.Y. and to visit Oralabs Holding Corp. in Colorado. At the conclusion of their trip, Hung Wan and Soon Chiang Henny Wee indicated to Plaintiff Haining Zhang that NVS would not merge with Oralabs Holding Corp., in an attempt to mislead, circumvent, defraud and insecure the benefits due to Plaintiff Haining Zhang under the cooperation agreement.

43. In or about December of 2005 and continuing through January of 2006, Plaintiff Haining Zhang made several attempts to contact NVC Lighting Investments Holding Limited in order to salvage the reverse merger deal between Oralabs Holding Corp. and NVC Lighting Investments Holding Limited, which he had held the belief, due to the representations of Oralabs Holding Corp and NVC, that the deal had failed.

44. Upon information and belief, in or about February of 2006, Plaintiff Haining Zhang contacted Defendants Allen R. Goldstone and Michael I. Friess to propose another company which may be suitable for a reverse merger with Oralabs Holding Corp.

45. Upon information and belief, Defendant Michael I. Friess stated to Plaintiff Haining Zhang that Oralabs Holding Corp. was no longer seeking to reorganize its corporate structure and that Plaintiff's new client should instead merge with an OTCBB shell company which Defendant Creative Business Strategies, Inc held a majority interest.

46. In or about 02/20/2006, Oralabs Holding Corp. announced Allen R. Goldstone's resignation.

47. Upon information and belief, in or about March 31, 2006, Oralabs Holding Corp. executed a merger agreement between it and Partner Success Holdings Limited as evidenced by its 8k filing with U.S. Securities Exchange Commission on April 6, 2006.

48. Upon reliable information and belief , Defendants Hung Wan, Kam Kau Eddie Wong, Soon Chiang Henny Wee, Edwon Inc., Alanz Capital, Inc. and Belmont Capital Group Limited were all listed as the advisors to the transaction between Partner Success Holdings Limited and Oralabs Holding Corp.

49. Upon information and belief, Murrell, Hall, McIntosh & Co., PLLP was listed as an auditor which signed the report on the financial's for Partner Success Holdings Limited, under the same, similar, identical and closely related conditions that were previously set out in the previous reverse merger agreement brought about, and orchestrated as a direct result of Plaintiff's Haining Zhang's efforts in arranging the previous reverse merger deal between Oralabs and NVC.

50. Upon information and belief, Capitalink, P.C. issued a fairness opinion for the transaction between Partner Success Holdings Limited and Oralabs Holding Corp, under the same, similar, identical and closely related conditions and previously set out in the previous reverse merger agreement brought about as a direct result of Plaintiff Haining Zhang's efforts in arranging the previous reverse merger deal between Oralabs and NVC.

51. Upon information and belief, Douglas B. Koff of Koff, Corn & Berger, P.C. represented Oralabs Holding Corp., under the same, similar, identical and closely related conditions and previously set out in the previous reverse merger agreement brought about as a direct

result of Haining Zhang's efforts in arranging the previous reverse merger deal between Oralabs and NVC.

52. In or about April 6, 2006, Oralabs Holding Corp. announced a merger with Partner Success Holdings Limited, a BVI company which controls a steel fabrication operation in Shanghai, China. , as such resulting in a breach of the agreement entered into between Oralabs Holding Corp and Plaintiff Haining Zhang, which provided in pertinent part that Plaintiff Haining Zhang was to retain the right to secure Asia and/or China based candidates for a reverse merger with Oralabs Holding Corp.

53. Upon information and belief, in or about April 6, 2006, Plaintiff Haining Zhang notified Defendant Allen R. Goldstone and informed him that Oralabs Holding Corp. and its board members had breached the Non Disclosure & Non Circumvention Agreement between Plaintiff Haining Zhang and Oralabs Holding Corp. entered into in or about 2003. Defendant Allen R. Goldstone acknowledged the breach by stating to Haining Zhang, " Harry, your voice sounds very shaky. Like you, I was once screwed badly by a close business associate."

54. Upon reliable information and belief, in or about October 21, 2006, Oralabs Holding Corp. issued 25,363,001 shares of its common stock to the shareholders of Partner Success Holdings Limited and its designees in exchange for all its outstanding shares of Partner Success Holdings Limited. The transaction mirrored the exact terms, wording, structure form, layout, scheme, trade, foundation and outline of the transaction between NVC Lighting Investments Holding Limited and Oralabs Holding Corp. In the exact same terms as the original proposed agreement between NVC Lighting Investments

Holding Limited and Oralabs Holding Corp., Oralabs Inc., a wholly owned subsidiary of Oralabs Holding Inc, would continue to be operated as a private company by its President, Defendant Gary H. Schlatter.

55. Upon information and belief, in or about October 21,2006, Defendant Gary H. Schlatter redeemed 3,629,350 shares of Oralabs Holding Corp. in exchange for the issuance of all outstanding shares of Oralabs, Inc.

56. Upon information and belief, in or about November of 2006, during a telephone conversation between Plaintiff Haining Zhang and Defendant Gary H. Schlatter, Plaintiff Haining Zhang informed Defendant Gary H. Schlatter of his breach of the Non Disclosure & Non Circumvention Agreement entered into between the parties. Defendant Gary H. Schlatter acknowledged such breach and requested that Plaintiff Haining Zhang reduce his claim to writing, faxing such to his office on Colorado. Plaintiff Haining Zhang complied and faxed the agreement along with his claim to Defendant Gary H. Schlatter and Oralabs Holding Corp.'s executive offices in Colorado. Within a few moments after faxing the agreement and claim to Defendant Gary H. Schlatter and Oralabs Holding Corp., Defendants Gary H. Schlatter, Allen R. Goldstone, and Michael I. Friess contacted Plaintiff Haining Zhang via conference call, where they requested that Plaintiff Haining Zhang email a scanned copy of the Non Disclosure & Non Circumvention Agreement to Defendants Allen R. Goldstone, Michael I. Friess and Gary H. Schlatter for further review.

57. Upon information and belief, in or about December 26, 2006, Partner Success Holdings Limited completed the reverse merger with Oralabs Holding Corp.

58. Upon reliable information and belief, prior to the merger with Partner Scucess Holdings Limited, Defendants Gary H. Schlatter was a controlling shareholder of Oralabs Holding Corp., owning 3,629,350 shares of its common stock. Oralabs Holding Corp. traded on NASDAQ under the symbol of OLAB during the applicable times herein.

59. In or about December 28, 2006, upon learning of the foregoing facts, Plaintiff Haining Zhang sent numerous correspondence pertaining to the breach and made countless phone calls to Defendants Soon Chiang Henny Wee, Hung Wan, Kam Kau Eddie Wong, Belmont Capital Group Limited, Creative Business Strategies, Inc., China Precision Steel, Inc., Allan R. Goldstone, Michael I. Friess, Gary H. Schlatter and Oralabs, Inc., seeking to address the breach of the Non Disclosure & Non Circumvention Agreement and the cooperation agreement, all to no avail.

60. Upon information and belief, in or about December 29, 2006, Partner Success Holdings Limited changed its name to China Precision Steel, Inc. resulting in a new symbol "CPSL." As a result, China Precision Steel, Inc. had 26,981,916 shares in outstanding.

61. Upon information and belief, in or about 2007, Defendant Edwon Inc., with its beneficial owner Defendant Kam Kau Eddie Wong, were issued 404,729 shares of China Precision Steel, Inc. as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

62. Upon information and belief, in or about 2007, Defendant Belmont Capital Group Limited, with its beneficial owner Defendant Hung Wan, were issued 1,650,000 shares of China Precision Steel, Inc., as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

63. Upon information and belief, in or about 2007, Defendant Advanz Capital Inc., with its beneficial owner Defendant Hung Wan, were issued 1 6500,000 shares of China Precision Steel, Inc., as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

64. Upon information and belief, in or about 2007, Defendant Hung Wan was personally issued 983,363 China Precision Steel, Inc. warrants with an exercise price of $3 per share with an expiration of 02/10/10, as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

65. Upon information and belief, in or about 2007, Defendant Michael I. Friess was issued 200,000 shares of China Precision Steel, Inc. as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

66. Upon information and belief, in or about 2007, Defendant Gary H. Schlatter, was issued 100,000 shares of China Precision Steel, Inc and given full control of Oralabs Inc. as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

67. Upon information and belief, in or about 2007, Defendant Robert C. Gust was issued 100,000 shares of China Precision Steel, Inc.as compensation for services substantially brought about by Plaintiff Haining Zhang's professional trade, resources and efforts.

68. Upon information and belief, in or about 2008, Defendants Hung Wan, Advanz Capital Inc., Belmont Capital Group Limited, Kam Kau Eddie Wong and Edwon, Inc. sold their shares of CPSL at about $10 per share in the open market according to related 144 filings and Form 4 filings with U.S. Securities and Exchange Commission.

69. As a direct and proximate result of the foregoing conduct of the Defendants, Plaintiff Haining Zhang incurred and continues to incur a substantial loss of present and future income, loss of the benefits secured by the agreement between the Plaintiff and the Defendants; Plaintiff's reputation has been severely damaged; Plaintiff has suffered damage to his career; Plaintiff has suffered mental anguish; and Plaintiff has incurred additional financial losses.

70. Pursuant to N.Y. C.P.L.R., Plaintiff sets forth his breach of contract claim(s), which is grounded in fraud, within the greater of two-years from discovery of the fraud or breach or six-years respectively, well within the statutory period.

71. The economic formulas, financial forecast, specifications, prospect lists and data (collectively "Data") necessary to provide qualified reverse merger candidates for Plaintiff's professional service constitute Plaintiff's proprietary, confidential and trade secret information. Plaintiff provides such Data to prospective entities seeking reverse merger, pursuant to contracts requiring that the Data be kept confidential and used only to obtain the services provided by Plaintiff. These entities then evaluate reverse merger prospects according to Plaintiff's data. Plaintiff also provides certain Data to other foreign entities seeking reverse merger with US based entities, pursuant to non-disclosure and cooperation contracts that also contain confidentiality provisions to protect the Data.

72. Plaintiff's Data has independent economic value, is not generally known in the industry, is not readily ascertainable by proper means by others who can obtain economic value from its disclosure or use and has been the subject of efforts that are reasonable under the

circumstances to maintain its secrecy and its proprietary, confidential and trade secret nature.

73. Based upon presented information and belief, Plaintiff alleges that Defendants did not have the capability themselves to secure an Asia/China based entity for reverse merger with Oralabs Holding Corp.

74. Plaintiff has not authorized Defendants to use Plaintiff's Data for any purpose. Plaintiff further believes, and therefore alleges, that Defendants has done so despite lack of authorization; despite the custom and practice that detailed data is to be treated as confidential, proprietary and the trade secret information of its creator; and with actual notice of Plaintiff's proprietary interest from information appearing on the face of the Plaintiff's Data itself.

75. This course of conduct by Defendants has caused substantial monetary and non-monetary damage to Plaintiff in excess of $18,000,000.

IV.    **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.
STATEMENT OF CLAIMS
*As for Defendant(s): Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital,*

*Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee and Kam Kau Eddie Wong.*

*Federal Cause of Action*

Count I **VIOLATION OF RICO 18 U.S.C. § 1961 et seq.**

a) Plaintiff incorporates the allegations of fact 1 through fact 75 above, with full

   force, veracity and legal effect.

b) This Count arises under the Racketeer Influenced and Corrupt Organizations Act,

   18  U.S.C.§ 1961 et seq.

c) Defendants Belmont Capital Group Limited, Advanz Capital, Inc., Henny Wee & Co.,

   and Edwon, Inc. are an enterprise within the meaning of 18 U.S.C. § 1961(4), which

   is engaged in, or the activities of which affect, interstate or foreign commerce.

   The fraudulent misrepresentations detailed above were made by Defendants to

   Plaintiff.

d) The fraudulent misrepresentations set forth above represented a scheme and

   artifice to defraud Plaintiff, which was facilitated by use of the United States

   Mail, caused by Defendants, and resulting in mail fraud within the meaning of 18

   U.S.C. § 1341.

e) Mail fraud constitutes racketeering activity as that term is defined in 18 U.S.C.

   § 1961(1)(b).

f) Defendants' multiple fraudulent misrepresentations as detailed above constituted

   a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

g) Defendants and Defendants' agents, associates, and representatives, have

   conducted, and have conspired to conduct, the affairs of Belmont Capital Group

   Limited, Advanz Capital Inc., Henny Wee & Co. and Edwon, Inc. through a pattern

   of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

h) As a direct and proximate result of these violations of 18 U.S.C. § 1962(c), (d),

   Plaintiff has suffered actual damages as a result of injury to its business and

   property of at least $18,000,000. Defendants are liable to Plaintiff for treble

   damages, together with all costs of this action, all as provided under 18 U.S.C.

   § 1964(c).

*State Pendant Claims*

Count II

**BREACH OF CONTRACT**

a)  Plaintiff incorporates the allegations abobe as if fully plead.

b)  Defendants Soon Chiang Henny Wee, Kam Kau Eddie Wong, Belmont Capital Group Limited and Hung Wan's conduct in this matter constituted a breach of the Reverse Merger and Cooperation Agreement entered into between Plaintiff and Defendants Hung Wan and Belmont Capital Group Limited.

c)  Defendants Soon Chiang Henny Wee, Kam Kau Eddie Wong , Belmont Capital Group and Hung Wan, contracted with the Plaintiff for the purpose of securing a China-based or Asia based company seeking a reverse merger in the US equity markets.

d)  The cooperation agreement provided that compensation would be distributed in accordance with the agreement.

e)  Defendants Soon Chiang Henny Wee, Kam Kau Eddie Wong, Belmont Capital Group Limited and Hung Wan had a duty not to discharge Plaintiff without notice and an opportunity to correct his performance prior to discharge.

f)  Defendants Soon Chiang Henny Wee, Kam Kau Eddie Wong, Belmont Capital Group Limited and Hung Wan had a duty of cooperation with the Plaintiff in securing the objective set out.

g)  Defendant had an implied duty of good faith and fair dealing in securing the objective set out between it and the Plaintiff.

h) Defendants Soon Chiang Henny Wee, Kam Kau Eddie Wong, Belmont Capital Group Limited and Hung Wan violated and breached the Reverse Merger Cooperation agreement in numerous ways, including, but not limited to, discharging Plaintiff without any prior notice or an opportunity to dispute any allegations or an opportunity to improve his performance, securing a China and/or Asia based entity through the Plaintiff's efforts, for the sole purpose of securing a reverse merger in US equity markets which it nonetheless accomplished with Oralabs Holding Corp. all without compensating the Plaintiff.

i) As such injuring the Plaintiff therefore justifying an award of compensatory and consequential damages against said Defendants personally and in its official capacity.

Count III

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL ADVANTAGE**

a) Plaintiff incorporates the allegations above and, in addition, avers that the Defendants' conduct in this matter constituted intentional interference with contractual advantage.

b) Defendants engaged in tortious conduct toward Plaintiff, which conduct includes interference with Plaintiff's agreement with Oralabs Holding Corp.

c) Such tortious conduct has caused Plaintiff humiliation, a sense of outrage, indignity, mental anguish, mental concern and a loss of personal mental solicitude.

d) Defendants had acted maliciously, wantonly, reprehensibly, in bad faith and with ill will toward Plaintiff, which has caused injury to Plaintiff's mental solicitude and feelings for which Plaintiff seeks exemplary damages.

e) Plaintiff seeks damages for such injuries justifying an award of compensatory and consequential damages against said Defendants to be determined at a jury trial.

## Count IV

## INTERFERENCE WITH PROSPECTIVE ADVANTAGE

Plaintiff incorporates the allegations above and, in addition, avers that the Defendants' conduct in this matter constituted interference with prospective advantage justifying an award of compensatory, consequential and exemplary damages against each Defendant listed herein.

## Count V

## DEFAMATION

Plaintiff avers that the Defendants' conduct in this matter constituted defamation of the Plaintiff justifying an award of compensatory, consequential and punitive damages against each Defendant listed herein.

## Count VI

## CIVIL CONSPIRACY

a) Plaintiff avers that the Defendants, and the employees of the Defendants, sought to circumvent the Plaintiff in violation of the Reverse Merger Cooperation agreement entered into between the parties in this matter thus constituting a civil conspiracy.

b) Defendants and their employees committed an unlawful act in furtherance of the conspiracy and there was actual damage to the Plaintiff as a result of the conspiracy thus justifying an award of compensatory, consequential and punitive damages.

*And as for Defendant(s): Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc., China Precision Steel, Inc .*

*Federal Cause of Action*

Count I

**VIOLATION OF THE RICO ACT 18 U.S.C. § 1961 et seq.**

a) This Count arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

b) Defendant(s) China Precision Steel, Inc., Oralabs, Inc. and Creative Busienss Strategies, Inc. are an enterprise within the meaning of 18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect, interstate or foreign commerce. The fraudulent misrepresentations detailed above were made by Defendants to Plaintiff during the periods relevant herein.

c) The fraudulent misrepresentations set forth above represented a scheme and artifice to defraud Plaintiff, which was facilitated by use of the United States Mail, caused by Defendants, and resulting in mail fraud within the meaning of 18 U.S.C. § 1341.

d) Mail fraud constitutes racketeering activity as that term is defined in 18 U.S.C. § 1961(1)(b).

e) Defendant's multiple fraudulent misrepresentations as detailed above constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

f) Defendant and Defendant's agents, associates, and representatives, have conducted, and have conspired to conduct, the affairs of Oralabs, Creative Strategies, Inc and China Precision Steel,Inc. through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), (d).

g) As a direct and proximate result of these violations of 18 U.S.C. § 1962(c), (d), Plaintiff has suffered actual damages as a result of injury to its business and property of at least $18,000,000.

h) Defendant is liable to Plaintiff for treble damages, together with all costs of this action, all as provided under 18 U.S.C. § 1964(c).

*State Pendant Claims*

Count II

**BREACH OF CONTRACT**

a) Pursuant to N.Y. C.P.L.R., Plaintiff sets forth his breach of contract claim(s), which is grounded in fraud, within the greater of two-years from discovery of the fraud or breach or six-years respectively, well within the statutory period.

b) Defendants China Precision Steel, Inc., Oralabs, Inc., Creative Business Strategies, Inc., Allan R.Goldstone, Michael I. Friess, Robert C. Gust and Gary H. Schlatter's conduct of circumventing the Plaintiff as is the case in this matter constituted a breach of the Non-Disclosure and Non-Circumvent Agreement entered into between Plaintiff and Defendants.

c) Defendants China Precision Steel, Inc., Oralabs, Inc. Creative Business Strategies, Inc., Allan Goldstone, Michael Friess, Robert Gust, and Gary H. Schlatter contracted with the Plaintiff for the purpose of securing a China-based or Asia based company seeking a reverse merger in the US equity markets.

d) Defendants China Precision Steel, Inc., Oralabs, Inc., Creative Business Strategies, Inc., Allan Goldstone, Michael Friess, Robert Gust, and Gary H. Schlatter had a duty not to discharge Plaintiff for at minimum three (3) years.

e) Defendants China Precision Steel, Inc., Oralabs, Inc. Creative Business Strategies, Inc, Allan Goldstone, Michael Friess, Robert Gust, and Gary H. Schlatter had a duty of cooperation with the Plaintiff in securing the objective set out as outlined in the Non-Disclosure and Non-Circumvent Agreement.

f) Defendants China Precision Steel, Inc., Oralabs, Inc., Creative Business Strategies, Inc., Allan Goldstone, Michael Friess, Robert Gust, and Gary H. Schlatter had an implied duty of good faith and fair dealing in securing the objective set out between it and the Plaintiff.

g) Oralabs, Inc.'s corporate veil is penetrated thus holding Defendant Gary H. Schlatter personally liable for his acts committed upon the Plaintiff due to his fraudulent

misrepresentation, fraudulent dealings and fraudulent inducement in securing Plaintiff's professional services.

h) Defendants China Precision Steel, Inc., Oralabs, Inc., Creative Business Strategies, Inc., Allan Goldstone, Michael Friess, Robert Gust, and Gary H. Schlatter violated and breached the Non-Disclosure and Non-Circumvent Agreement in numerous ways, including, but not limited to, discharging Plaintiff without any prior notice or an opportunity to dispute any allegations or an opportunity to improve his performance, securing a China and/or Asia based entity through the Plaintiff's efforts, for the sole purpose of securing a reverse merger in US equity markets which it nonetheless accomplished with Oralabs Holding Corp., all without compensating the Plaintiff in accordance with the agreement between the parties.

i) As such injuring the Plaintiff therefore justifies award of compensatory and consequential damages against said Defendant personally and in its official capacity.

Count III

**FRAUDULENT MISREPRESENTATION**

a). Defendant Gary H. Schlatter's representation that he intended to compensate Plaintiff for his services of securing an Asia based and/or China based candidate for reverse merger with Defendant was false.

b). In fact, Defendant had no intention of compensating Plaintiff, such that at the time Defendant made this representation, he knew that it was untrue, made it without belief in its truth, or recklessly made it to induce action upon it.

c). In fact, when Defendant later breached the Non-Disclosure and Non-Circumvent and Exclusive Agreement with the Plaintiff, in that Defendant falsely represented that Oralabs Holding Corp. was no longer seeking to reorganize, when in fact Defendant intended use the trade secrets, professional expertise, services and opportunities presented to it by the Plaintiff, for his own benefit.

d)   Defendant made these false representations to induce Plaintiff to continue in his employment with Defendant and to induce Plaintiff to secure an Asia based and/or China based company for a reverse merger with Oralabs Holding Corp.

e)   Plaintiff relied on Defendant's fraudulent misrepresentations to his detriment.

f)   Defendant was able to successfully secure an Asia/China based entity for the purpose of a reverse merger as a direct result of the Plaintiff's trade secrets, efforts, and professional resources.

g)   As a result of Defendant's fraud and breach of the Non-Disclosure and Non-Circumvent, Plaintiff has suffered diminution in employment opportunities, periods of unemployment, loss of professional reputation, anxiety, and mental and emotional pain and suffering.


Count IV

**MISAPPROPRIATION OF TRADE SECRETS**

a). The economic formulas, financial forecast, specifications, prospect lists and data (collectively "Data") necessary to provide qualified reverse merger candidates for Plaintiff's professional service constitute Plaintiff's proprietary, confidential and trade secret information. Plaintiff also provides such Data to prospective entities seeking reverse merger, pursuant to

contracts requiring that the Data be kept confidential and used only to obtain the services provided by Plaintiff. These entities then evaluate reverse merger prospects according to Plaintiff's data. Plaintiff also provides certain Data to other foreign entities seeking reverse merger with US based entities, pursuant to non-disclosure and non-circumventional and cooperation contracts that also contain confidentiality provisions to protect the Data.

b). Plaintiff's Data has independent economic value, is not generally known in the industry, is not readily ascertainable by proper means by others who can obtain economic value from its disclosure or use and has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy and its proprietary, confidential and trade secret nature.

c). Based upon presented information and belief, Plaintiff alleges that Defendant did not have the capability itself to secure an Asia/China based entity for a reverse merger with Oralabs Holding Corp.

d). Plaintiff has not authorized Defendant to use Plaintiff's Data for any purpose. Plaintiff further believes, and therefore alleges, that Defendant has done so: (1) despite lack of authorization; (2) despite the custom and practice that detailed data is to be treated as confidential, proprietary and the trade secret information of its creator; and (3) with actual notice of Plaintiff's proprietary interest from information appearing on the face of the Plaintiff's Data itself.

e). Defendant's conduct as described above constitutes both actual and threatened misappropriation of Plaintiff's trade secrets and such misappropriation has been willful and malicious.

f)   The Plaintiff's Data which Defendant has wrongfully used constitutes trade secrets.

g)  Plaintiff is therefore entitled to compensation damages, lost profits and other ecomonic losses in an amount no less than $18,000,000.

## Count V

## MISAPPROPRIATION OF CONFIDENTIAL AND PROPRIETARY DATA

Defendant's conduct as described above constitutes both actual and threatened misappropriation of Plaintiff's confidential and proprietary Data and such misappropriation has been willful and malicious.

## Count VI

## UNIFORM TRADE SECRETS ACT

Defendant's conduct as described above constituted misappropriation of trade secrets in violation of the Uniform Trade Secrets Act and such misappropriation has been willful and malicious.

## Count VII

## UNJUST ENRICHMENT

Defendant's conduct as described above constituted unjust enrichment for which it should be required to make restitution of or for property or benefits received, retained or appropriated as a result of its fraud.

## Count VIII

## FRAUDULENT REPRESENTATION

a). Defendants falsely and fraudulently stated and represented to the Plaintiff that it would compensate Plaintiff for his efforts in securing an Asia/China based candidate for a reverse merger.

b). The representations so made by the Defendant were false, and, in truth, the facts were designed to obtain access to the Plaintiff's professional work product, relationships, and services without compensation.

c). When the representations and statements were so made, they were known by the Defendant to be false and were made by the Defendant with intent to deceive and defraud the plaintiff and to induce the Plaintiff to secure Asia/China based candidates for reverse merger with the Defendant.

d). Plaintiff, at the time such representations and statements were made, did not know the truth regarding them but believed that the representations and statements were true and relied upon them and was thereby induced to secure Asia/China based candidates for reverse merger with the Defendant.

e). As a result of such false and fraudulent representations, Plaintiff lost profit amounted to $18,000,000 and, by reason of the facts herein alleged, Plaintiff was damaged in the sum of $18,000,000.

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

WHEREFORE, Plaintiff prays for a judgment in his favor and against the Defendants, and that the following relief be awarded to the Plaintiff:

a.  Actual damages in a sum no less than $18,000,000 sustained as a direct and proximate against Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for violations of 18 U.S.C. § 1962(c);

b.  Treble damages in a sum no less than $54,000,000 against Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong as provided under 18 U.S.C. § 1964(c);

c.  Compensatory and consequential damages in a sum no less than $18,000,000 against Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for breach of contract;

d.  Compensatory, consequential and punitive damages in a sum no less than $18,000,000 against Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for intentional interference with contract;

e.  Compensatory, consequential, and punitive damages in a sum no less than $18,000,000 against Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for interference with prospective advantage;

f.  Compensatory, consequential and punitive damages in a sum no less than $18,000,000 against the Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for defamation;

g.  Compensatory, consequential and punitive damages in a sum no less than $18,000,000 against the Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong each for civil conspiracy;

32

h. An injunction restraining and prohibiting Defendants Belmont Capital Group Limited, Henny Wee & Co., Advanz Capital, Inc., Edwon, Inc., Hung Wan, Soon Chiang Henny Wee, Kam Kau Eddie Wong or any of its representatives, agents, employees, persons or entities acting in privity with Defendants, from liquidating and/or transferring any assets amounting to $18,000,000 presently located within the Jurisdiction of this Court until such time that this Court deems such transfer appropriate.

i. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Creative Business Strategies, Inc., China Precision Steel, Inc. and Allen R. Goldstone each for breach of contract;

j. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc. and China Precision Steel, Inc. each for breach of contract of exclusive dealings;

k. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc. and China Precision Steel, Inc. each for fraudulent misrepresentation;

l. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc. and China Precision Steel, Inc. each for misappropriation of trade secrets;

m. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc. And China Precision Steel, Inc. each for misappropriation of confidential proprietary data;

n. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess, Allen R. Goldstone, Creative Business Strategies, Inc. and China Precision Steel, Inc. each for breach of the common-law Uniform Trade Secret Act;

o. Compensatory and consequential damages in a sum no less than $18,000,000 against Gary H. Schlatter, Oralabs, Inc., Robert C. Gust, Michael I. Friess,

Allen R. Goldstone, Creative Business Strategies, Inc. and China Precision Steel, Inc. each for unjust enrichment;

p. For judgment in a sum no less than $18,000,000 in favor of Plaintiff and against Defendant upon each and every cause of action and for an award of damages, recovery of exemplary damages in such amounts as may be proven at trial;

q. For judgment against Defendant for Plaintiff's costs and disbursements; and

r. For any and all equitable and further relief as the Court may deem just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 8th day of March, 2012.

Signature of Plaintiff

Mailing Address:

80 Wall Street, Suite 212,

New York, NY 10005

Telephone Number : 646-383-0883

Fax Number *(if you have one)*   909-740-1855

<u>Note:</u>   All plaintiffs named in the caption of the complaint must date and sign the complaint.   Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners:</u>

I declare under penalty of perjury that on this _____ day of _____ , 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:

Inmate Number